# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LAZARO VELIZ, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:16-cv-152 |
| | * | |
| v. | * | |
| | * | |
| J.V. FLOURNOY, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Before the Court are Petitioner's Objections[1] to the Magistrate Judge's Order of January 6, 2017. (Dkt. No. 10.) After careful consideration, the Court **OVERRULES** these

---

[1] Petitioner's Objections are docketed as a Motion for Reconsideration. (Dkt. No. 10.) However, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82). Although Petitioner labels his motion as a "Motion for Reconsideration," a review of this pleading reveals that he is objecting to the Magistrate Judge's Order dated January 6, 2017. Accordingly, Petitioner's motion is properly classified as an Objection, as opposed to a Motion for Reconsideration.

Objections, and the Magistrate Judge's Order remains the Order of the Court.

On January 3, 2017, Respondent filed a Motion for Extension of Time to File Response/Reply to Petitioner's Section 2241 Petition. (Dkt. No. 7.) Respondent cited the age of Petitioner's underlying criminal case and the necessity of coordinating a Response with the United States Attorney's Office in the Southern District of Florida as his reasons for requesting an extension of time. (Id. at p. 1.) On January 6, 2017 the Magistrate Judge granted Respondent's Motion for Extension of Time. (Dkt. No. 9.) In this Order, the Magistrate Judge explained that Respondent had not previously sought an extension of time and had shown good cause for receiving a sixty (60) day extension. (Id.)

In his Objections, Petitioner contends that 60 (sixty) days is an unreasonable and excessive extension of time in this case. (Dkt. No. 10, p. 1.) Specifically, Petitioner argues that Respondent "does not state what is the procedure . . . to obtain petitioner's criminal files" and "does not demonstrate insurmountable odds in which to obtain the files." (Id. at p. 2.) Petitioner further contends that the Court should vacate the Magistrate Judge's Order granting Respondent's Motion for an Extension of Time because Petitioner was not given an opportunity to object to Respondent's Motion prior to the entry

2

of that Order.  (Id. at p. 2.)  Finally, Petitioner argues that Respondent should be given a maximum of twenty (20) days to respond to his Section 2241 Petition, that the Court should set a hearing within five (5) days concerning his Petition, and that he should be released on bond during the pendency of this case.  (Id. at p. 3.)

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).  After considering Petitioner's Objections in conjunction with the Magistrate Judge's Order, the Court finds nothing clearly erroneous or contrary to law in the grant of Defendant's Motion for Extension of Time.  Contrary to Petitioner's assertions, a sixty (60) day extension of time permitting Respondent to coordinate with the United States Attorney's Office in the Southern District of Florida and to gather materials relevant to Petitioner's underlying criminal case—adjudicated over twenty

AO 72A
(Rev. 8/82)

years ago—is reasonable. Accordingly, the Court **OVERRULES** Petitioner's Objections.

**SO ORDERED**, this \_\_24\_\_ day of \_\_Feb_____, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)