# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LAZARO VELIZ,

    Petitioner,

v.

JOHN V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-152

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Lazaro Veliz ("Veliz"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss and an additional supporting brief, (docs. 12, 15), to which Veliz filed a Response, (doc. 16). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Veliz's Section 2241 Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Veliz *in forma pauperis* status on appeal.

## **BACKGROUND**

Following a jury trial in the United States District Court for the Southern District of Florida, Veliz was convicted of the following crimes: RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); four counts of Hobbs Act conspiracy, in violation of 18 U.S.C. §§ 1951 and 2 (Counts 2, 6, 9, 12, and 15); four counts of Hobbs Act robbery, in violation of 18 U.S.C §§ 1951 and 2 (Counts 3, 7, 10, 13, and 16); conspiracy to use and carry firearms during a crime of violence, in violation of 18 U.S.C. § 924(n) (Count 4); using and carrying firearms during a

crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 5, 8, 11, 14, and 17); and money laundering, in violation of 18 U.S.C. §§ 1956 and 2 (Count 28). (Docs. 12-1; 12-2; & 12-3.) The Court sentenced Veliz to a total term of incarceration of 105 years, consisting of: concurrent terms of 20 years as to each of Counts 1, 2, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16 and 28; a consecutive term of 5 years as to Count 5; and consecutive terms of 20 years as to each of Counts 8, 11, 14, and 17. (Doc. 12-3.)

Veliz filed a direct appeal, and the Eleventh Circuit Court of Appeals upheld his conviction. (Doc. 12-4.) However, the Eleventh Circuit remanded the case for the district court to make findings of fact with respect to Veliz's ability to pay restitution and directed the court to conform the sentence imposed with the oral pronouncement of sentence. Id. The Southern District of Florida then issued an amended judgment in accordance with the Eleventh Circuit's remand. (Doc. 12-5.) Veliz filed another Notice of Appeal, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a motion to withdraw. After reviewing the case and counsel's assessment of the relative merit on appeal, the Eleventh Circuit determined that there were no issues of arguable merit and affirmed Veliz's sentence. (Doc. 12-6.)

Veliz then mounted a number of efforts to collaterally attack his conviction and sentence. In his first Section 2255 motion and amendments thereto, he complained that his counsel was ineffective because counsel: (1) labored under a conflict of interest; (2) failed to investigate the criminal history of the government's key witness; (3) failed to pursue a plea agreement; and (4) failed to challenge the stacking of the consecutive mandatory sentences arising from one RICO conspiracy. (Docs. 12-7, 12-8, 12-9.) Veliz also argued that the Comprehensive Crime Control Act of 1984 was unconstitutional and that the district court committed sentencing errors based on

2

Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. The district court denied Veliz's Section 2255 motion, finding that the first four claims were meritless, and the last two claims were untimely. (Docs. 12-10, 12-11.) Veliz sought a certificate of appealability, but both the district court and the Eleventh Circuit denied that request. (Docs. 12-12, 12-13.)

On June 13, 2016, Veliz filed an application with the Eleventh Circuit for leave to file a second or successive Section 2255 motion. (Doc. 12-14.) Veliz argued that his convictions for violating 18 U.S.C. § 924(c) were no longer predicate violate felonies after the United States Supreme Court's holding in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015) (finding unconstitutional the residual clause of the Armed Career Criminal Act's violent felony definition). On June 27, 2016, the Eleventh Circuit denied that application, finding that Veliz failed to make a prima facie showing that Johnson applied to his Section 924(c) convictions. (Doc. 12-15.) Shortly thereafter, Veliz filed another Section 2255 motion in the Southern District of Florida raising essentially the same Johnson claims that Veliz had raised in his application to file a successive motion. (Doc. 12-16.) The district court denied this motion as a second or successive Section 2255 motion filed without permission of the Eleventh Circuit. (Doc. 12-17.) Veliz then filed a second application with the Eleventh Circuit for leave to file a second or successive Section 2255 motion. In this application, Veliz raised the same arguments from his first application and also claimed that the Eleventh Circuit erroneously denied his first application. (Doc. 12-18.) The Eleventh Circuit denied that second application as procedurally barred in accordance with In re Baptiste, 828 F.3d 1337, 1341 (11th Cir. 2016). (Doc. 12-19.)

Having been repeatedly rejected by the Southern District of Florida and the Eleventh Circuit Court of Appeals, Veliz then turned to this Court. He filed the instant Section 2241 Petition, once again contending that his convictions for violating 18 U.S.C. § 924(c) are no

3

longer valid following the Supreme Court's decision in Johnson. Respondent moved to dismiss Veliz's Petition, contending that he does not satisfy the requirements of the 28 U.S.C. § 2255(e) "saving clause." (Doc. 12.) Respondent then supplemented this argument following the Eleventh Circuit's decision in McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). Veliz filed a Response to the Motion to Dismiss and supporting briefs. (Doc. 16.)

**DISCUSSION**

**I.  Whether Veliz can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective". Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A

prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U. S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

For years, lower courts were to utilize a test[1] to determine whether a petitioner seeking habeas corpus relief pursuant to Section 2241 met the saving clause and could proceed with a Section 2241 petition. However, the Eleventh Circuit Court of Appeals has determined its

---

[1] This test was set forth in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), and required petitioners to satisfy a five-factor test. Under this five-factor test, the petitioner had to establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the saving clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)).

5

"precedents have ignored the text" of Section 2255. McCarthan, 851 F.3d at 1080. The McCarthan court took "the rare step of overruling [Eleventh Circuit] precedents for three reasons. First, they are wholly divorced from the text. Second, reliance interests are minimal. And third, our precedents have proved unworkable. Continuing to follow these erroneous precedents would do more harm than good." Id. at 1096.[2]

Accordingly, after McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be "inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example,

---

[2] I welcome the McCarthan test's more straightforward approach to the saving clause. The Bryant test proved not only textually unsupportable but also practically unwieldy. See Mims v. Flournoy, No. 2:15-CV-95, 2016 WL 1090602, at *3 n.3 (S.D. Ga. Mar. 18, 2016), *report and recommendation adopted, as modified*, No. 2:15-CV-95, 2016 WL 3023311 (S.D. Ga. May 23, 2016) (noting potential for more straightforward reading of Section 2255(e) but applying Bryant factors as binding law of the Eleventh Circuit at that time) and (citing Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1275–76 (11th Cir. 2014) (Pryor, J., concurring)).

"[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); and Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective)).

The Eleventh Circuit emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d 578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the

7

norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting Samak, 766 F.3d at 1278 (W. Pryor, J., concurring) (quoting 28 U.S.C. § 2255(e)). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255 court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. Veliz's claims—that his Section 924(c) conviction no longer qualifies as a violent felony for sentencing purposes and that his sentence violates due process—are the types of claims and requested relief that Section 2255 encompasses. Thus, Section 2255 provides Veliz with an adequate procedure to test this claim. Indeed, Veliz has repeatedly asserted the same arguments he brings in this case in Section 2255 proceedings before the Southern District of Florida and the Eleventh Circuit.

It appears that, though Veliz labels his filing a Section 2241 Petition, he is actually attempting to bring a second or successive Section 2255 motion. Pursuant to Section 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). However, Veliz must first obtain permission from the Eleventh Circuit before filing a second Section 2255 motion. Nevertheless, Veliz has available to him an actual remedy under Section 2255: the right to request permission to file a second or successive Section 2255 motion under Section 2255(h). The fact that the Eleventh Circuit has denied Veliz's application to file a second or successive Petition does not render the remedy "unavailable" to him. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s saving[ ] clause does not apply."). As such, Veliz cannot rely upon Section 2255(e) to proceed with his Section 2241 Petition.

Further, Veliz's Section 2255 remedy is not nullified merely because he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Veliz previously brought a Section 2255 motion and faces the successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Id.; Gilbert, 640 F.3d at 1308. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Veliz an "adequate procedure" to test his conviction and sentence. This procedure is clearly available to him as he already filed Section 2255 motions, and he has sought permission to file a second or successive motion. Consequently, Veliz cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Veliz cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.

For all these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Veliz's Section 2241 Petition.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Veliz leave to appeal *in forma pauperis*. Though Veliz has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is

frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Veliz's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Veliz *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Veliz's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Veliz leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Veliz and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of September, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA